■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCHLESINGER ELECTRICAL CONTRACTORS, INC., Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB LEVITA, Appellant. [39 NYS3d 135]—

Judgments, Supreme Court, New York County (Bruce Allen, J.), rendered February 19, 2015, convicting defendant Schlesinger Electrical Contractors, Inc. (SEC), after a jury trial, of scheme to defraud in the first degree and offering a false instrument for filing in the first degree, and sentencing it to a $10,000 fine, and convicting defendant Jacob Levita, after a jury trial, of scheme to defraud in the first degree, and sentencing him to a conditional discharge for a period of three years, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendants argue that the court violated their rights under the Confrontation Clause when it allowed, over objection, hearsay testimony that Robert Solomon—a nontestifying co-

defendant closely associated with SEC—had pleaded guilty "in relation to this case." The testimony was elicited during the redirect testimony of Jeff Deurlein, an executive of Siemens, the company that was SEC's partner in creating a firm (Schlesinger-Siemens, LLC) that the People alleged fraudulently operated without a master electrician in violation of the Administrative Code.

The People argue that the door was opened to this testimony by defense counsel's inquiry of Deurlein on cross-examination as to whether he knew if "anyone on the Siemens side" had been prosecuted. In the People's view, this inquiry misleadingly suggested that only Levita and SEC had been prosecuted, and that they had been selectively prosecuted.

In *People v Reid* (19 NY3d 382 [2012]), the Court of Appeals stated that the inquiry whether a defendant opened the door to the admission of otherwise inadmissible evidence "is twofold—whether, and to what extent, the evidence or argument said to open the door is incomplete and misleading, and what if any otherwise inadmissible evidence is reasonably necessary to correct the misleading impression" (*id.* at 388 [internal quotation marks omitted]). We cannot agree that Deurlein's responses during cross-examination opened the door to the challenged testimony. First, Deurlein testified on cross-examination that he did not know whether anyone at Siemens had been prosecuted. Accordingly, there was no misimpression to correct. Second, even if there had been evidence that no Siemens personnel were prosecuted, and even assuming such evidence could be read to misleadingly suggest that Solomon—not a Siemens employee—had not been prosecuted, this would at most have justified the admission of evidence that Solomon was prosecuted—not evidence that he was convicted based on an in-court admission of guilt.

The admission of Solomon's guilty plea violated the Confrontation Clause (*see Crawford v Washington*, 541 US 36 [2004]). The error was not harmless because "it cannot be said that there is no reasonable possibility that the erroneously admitted [statement] contributed to the conviction" (*People v Cedeno*, 27 NY3d 110, 122 [2016] [internal quotation marks omitted]). This is particularly so as to the corporate defendant. In light of the People's contention that Solomon was an agent of SEC, the evidence that Solomon pleaded guilty effectively precluded an acquittal.

We also agree with defendants that the court erroneously admitted certain bank records, which included Solomon's hearsay representation that he was SEC's vice-president, under

the business records exception to the hearsay rule. A party seeking to introduce evidence under the exception must demonstrate that "each participant in the chain producing the record, from the initial declarant to the final entrant, [was] acting within the course of regular business conduct" when the record was made (*Matter of Leon RR*, 48 NY2d 117, 122 [1979]). We find that although bank personnel were acting under a business duty when the record was created, the record fails to demonstrate that Solomon was acting under such a duty when he supplied the information at issue.

We have considered and rejected defendants' arguments for dismissal. Since we are ordering a new trial, we find it unnecessary to reach any other issues. Concur—Friedman, J.P., Richter, Feinman, Kapnick and Kahn, JJ.